Matter of Hamburg (2018 NY Slip Op 04545)





Matter of Hamburg


2018 NY Slip Op 04545


Decided on June 20, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
ROBERT J. MILLER, JJ.


2017-07579

[*1]In the Matter of Steven D. Hamburg, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Steven D. Hamburg, respondent. (Attorney Registration No. 2042984)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Tenth Judicial District and the respondent, Steven D. Hamburg, for discipline by consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on February 3, 1986.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a notice of petition dated July 24, 2017, and a petition dated July 10, 2017, and the respondent filed an answer dated September 6, 2017. The Grievance Committee and the respondent now jointly move, pursuant to 22 NYCRR 1240.8(a)(5), for discipline by consent, and request the imposition of a suspension from the practice of law for a period of 18 months. In support of the motion, the parties have submitted a joint affirmation, which includes, inter alia, a stipulation of facts, and, as provided for in 22 NYCRR 1240.8(a)(5)(ii), an affidavit from the respondent dated December 1, 2017, in which he admits that he misappropriated funds entrusted to him as a fiduciary in three real estate transactions, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all times hereinafter mentioned, the respondent maintained an attorney escrow account (hereinafter the trust account) and an operating account (hereinafter the operating account) at Chase Bank.
The Tarpley Sale
In or about 2010, the respondent represented Beryl Leary, the executor of the estate of Pauline Tarpley, in the sale of real property located in Jamaica, Queens (hereinafter the Tarpley property). The purchasers were Jane Baksh and Sheik Ali. Tarpley previously executed a living trust and a pour-over will, both dated October 9, 2004, providing, in relevant part, that the proceeds of the sale of the Tarpley property were to be divided evenly between Leary and Ronaldlee Armwood. In connection with the sale of the Tarpley property, the respondent received a contract deposit of $17,100, which he deposited into the trust account on December 15, 2010.
At the closing on January 27, 2011, the respondent received sale proceeds totaling [*2]$129,098.78, which he deposited into the trust account on January 28, 2011. Thus, the respondent had received a total of $146,198.78 for the sale of the Tarpley property. The respondent issued five trust account checks totaling $114,275.41 in connection with the sale of the Tarpley property, all of which cleared the trust account by April 28, 2011. After these disbursements, the respondent agreed to retain $31,923.37 in the trust account pending resolution of a claim by Armwood or his estate against the property.
As of September 30, 2016, the Armwood claim had not been resolved. The respondent admits that the balance in the trust account was less than $31,923.37, the amount that he was required to maintain, on multiple dates between November 9, 2011, and September 30, 2016, reaching a low of $4.09 during that period.
In or about October 2015, the respondent withdrew funds from his individual retirement account, and sent a cashier's check dated October 22, 2015, in the sum of $15,961.69 to Leary. That sum represented 50% of the funds entrusted to the respondent for the sale of the Tarpley property. As to the other interested party, Armwood, the respondent states that once he obtains Armwood's death certificate, he intends to file a petition with the Surrogate's Court, so that the remaining funds can be released to the appropriate party.
The Yuen Sale
In or about June 2012, the respondent represented a client named Yuen in the sale of real property to purchaser Jetmir Shala. The respondent received a $26,250 contract deposit from Shala, which he deposited into the trust account on June 11, 2012. Two days later, on June 13, 2012, the respondent issued trust account check no. 1222, payable to Sanford Solny, in the amount of $20,000, which cleared the trust account that day. The check to Solny was not related to the Yuen/Shala transaction. On January 27, 2014, the respondent issued trust account check no. 1229, payable to Shala, representing a refund of the contract deposit. The respondent admits that while he was required to maintain the $26,250 contract deposit for the Yuen/Shala transaction, the balance in the trust account remained below that amount between June 11, 2012, and January 27, 2014.
The Gormley Sale
In or about August 2014, the respondent represented a client named Gormley in the sale of real property to the purchaser Sunset Ridge, LLC (hereinafter Sunset Ridge). On August 21, 2014, the respondent deposited the contract deposit of $35,000 in the trust account. Between August 22, 2014, and August 29, 2014, the respondent made transfers totaling $11,800 from the trust account to his operating account, which transfers were unrelated to the Gormley/Sunset Ridge transaction. While the respondent was entrusted with the $35,000 contract deposit, the balance in the trust account remained below that amount between August 22, 2014, and December 12, 2014. On December 16, 2014, the respondent refunded the contract deposit to Sunset Ridge by wiring $35,000 from the trust account.
Based upon the foregoing, the respondent admits that he misappropriated funds entrusted to him as a fiduciary, and, therefore, he is subject to discipline by this Court based upon his violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). The respondent consents to the agreed-upon discipline of a suspension from the practice of law for a period of 18 months, which consent is given freely and voluntarily without coercion or duress. Further, the respondent states that he is fully aware of the consequences of consenting to such discipline.
In his affidavit, the respondent also describes multiple personal and medical adversities he and his family have faced during the time of the underlying transactions, and offers several mitigating factors, including his cooperation with the Grievance Committee in its investigation of this matter, his restoration of the misappropriated funds, in full, to the trust account, the evidence in support of his good character, and the absence of a prior disciplinary record.
As to the appropriate sanction, the parties contend that the requested sanction of a suspension for a period of 18 months is in accord with precedent from this Court (see Matter of Oshikanlu, 131 AD3d 308).
Under the totality of the circumstances, we find that the motion for discipline by consent, pursuant to 22 NYCRR 1240.8(a)(5), should be granted, and that a suspension from the practice of law for a period of 18 months is warranted in view of the respondent's admitted misconduct as well as the mitigating factors presented herein.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and MILLER, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted; and it is further,
ORDERED that the respondent, Steven D. Hamburg, is suspended from the practice of law for a period of 18 months, commencing July 20, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 22, 2019. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Steven D. Hamburg, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Steven D. Hamburg, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven D. Hamburg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court